IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KLEIN, : | |
|     Petitioner : | |
| : | No. 1:22-cv-00984 |
| v. : | |
| : | (Judge Rambo) |
| COMMONWEALTH OF : | |
| PENNSYLVANIA BOARD OF : | |
| PROBATION AND PAROLE, : | |
|     Respondent : | |

# MEMORANDUM

Petitioner Ryan Klein initiated the above-captioned *pro se* action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Klein challenges two decisions by the Pennsylvania Board of Probation and Parole (Parole Board) to adjust his maximum sentence date following parole violations. Because Klein's habeas claim is both procedurally defaulted and barred by the relevant statute of limitations, the Court must dismiss his Section 2254 petition.

## I.   BACKGROUND

In 2007, Klein pled guilty to, among other charges, aggravated assault with a deadly weapon,[1] aggravated assault causing bodily injury to an on-duty officer,[2] burglary,[3] and reckless endangerment.[4] (*See* Doc. No. 1-3 at 1.) Klein's initial

---

[1] 18 PA. CONS. STAT. § 2702(a)(4).
[2] 18 PA. CONS. STAT. § 2702(a)(3).
[3] 18 PA. CONS. STAT. § 3502(a).
[4] 18 PA. CONS. STAT. § 2705.

sentence for these offenses had a minimum release date of June 14, 2012, and a maximum release date of June 14, 2022. (*See id.*) It appears that Klein was released on parole on June 17, 2012, three days after his minimum sentence date had elapsed. (*See* Doc. No. 1-2 at 1.) However, Klein violated his parole by committing a new offense and, due to this parole violation, on April 15, 2014, the Parole Board ordered Klein to serve 12 months' backtime and adjusted his maximum sentence date to September 28, 2023. (*See id.*; Doc. No. 1-1 at 1.)

Klein was reparoled on July 12, 2015, subject to the standard condition that he not reoffend. (*See* Doc. No. 1-2 at 3; Doc. No. 13-1 at 2.) Unfortunately, Klein immediately reoffended and was charged with (and eventually pled guilty to) multiple felony drug and assault offenses. (*See* Doc. No. 13-1 at 5-18.) Due to this second parole violation, on December 8, 2016, the Parole Board ordered Klein to serve 36 months' backtime and adjusted his maximum date to December 19, 2024. (*See id.* at 26.)

Klein challenged the Parole Board's December 8 decision on January 15, 2017. (*See id.* at 29.) In his administrative appeal, he argued that the Parole Board's "return to custody" date of October 3, 2016, was incorrect. (*See id.*; Doc. No. 1-2 at 3.) Although not appearing on the face of the administrative appeal form, it seems that Klein also implicitly challenged his adjusted maximum date of December 19, 2024. (*See* Doc. No. 13-1 at 32.)

On February 26, 2018, the Parole Board rejected Klein's challenges and affirmed his return-to-custody date and his adjusted maximum date. (*See id.*) The Parole Board explained to Klein that, because Pennsylvania law provides that he is not entitled to credit for the time he was at liberty on parole, upon his recommitment he still had 3,000 days remaining on his original sentence. (*Id.* (citing 61 PA. CONS. STAT. § 6138(a)(2)).) Moreover, the time that Klein spent in pretrial detention for the new offenses would not count toward his previous sentence, but rather his new convictions. (*Id.*) Consequently, because Klein was not credited with the time he was free on parole and did not become available to begin serving his original sentence again until October 3, 2016, 883 days were properly added to create a new maximum sentence date of December 19, 2024. (*Id.* at 32-33.)

It does not appear that Klein appealed the Parole Board's decision to the Commonwealth Court of Pennsylvania. Instead, over four years later, he filed the instant Section 2254 petition in this Court. (*See generally* Doc. No. 1.) Respondent filed a response to Klein's Section 2254 petition. (*See* Doc. No. 13.) Klein did not file a reply or "traverse" and the time in which to do so has passed, so his habeas petition is ripe for disposition.

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §§ 2241-2254, mandates that petitioners demonstrate that they have

3

"exhausted the remedies available in the courts of the State" before seeking federal habeas relief. *Id.* § 2254(b)(1)(A). An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits. *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *see also Johnson v. Williams*, 568 U.S. 289, 302 (2013).

If a state prisoner has not fairly presented a claim to the state courts "but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play." *Carpenter*, 296 F.3d at 146 (citations omitted). Generally, if a prisoner has procedurally defaulted on a claim by failing to raise it in state-court proceedings, a federal habeas court will not review the merits of the claim, even one that implicates constitutional concerns. *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 747-48 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 84-85 (1977)).

A few limited exceptions to this rule exist. One exception is that "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Id.* at 10 (citing *Coleman*, 501 U.S. at 750). "Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his]

4

efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted). To establish prejudice, a petitioner must show not merely that there were errors that created a possibility of prejudice, but that they "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Holland v. Horn*, 519 F.3d 107, 112 (3d Cir. 2008) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). If cause and prejudice are established, the federal court reviews the claim *de novo* "because the state court did not consider the claim on the merits." *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 236 (3d Cir. 2017), *cert. denied sub nom. Gilmore v. Bey*, 138 S. Ct. 740 (2018) (mem.) (citation omitted).

Another rare exception that will excuse a procedural default is if the petitioner can show that "failure to consider the claim will result in a fundamental 'miscarriage of justice.'" *Carpenter*, 296 F.3d at 146 (quoting *Coleman*, 501 U.S. at 750). To satisfy the "fundamental miscarriage of justice" exception, a petitioner typically will have to show actual innocence. *Leyva v. Williams*, 504 F.3d 357, 366 (3d Cir. 2007) (citation omitted).

### III. DISCUSSION

Klein raises just one argument in his habeas petition. He contends that the Parole Board's adjustments of his maximum sentence date violate due process and

5

separation-of-powers principles. (*See* Doc. No. 1 at 3-6.) Klein's habeas claim is both procedurally defaulted and barred by the statute of limitations.

### A.   Procedural Default

As explained above, claims raised in a Section 2254 petition must first be exhausted in state court. Klein administratively appealed only one of the Parole Board's decisions extending his maximum sentence date, and he did not exhaust that appeal. Although Klein took the first step—administrative review with the Parole Board, *see* 37 PA. CODE. § 73.1—that is where his exhaustion attempts ended. Yet proper exhaustion requires appealing to the Commonwealth Court of Pennsylvania, *see* 42 PA. CONS. STAT. § 763(a), as well as seeking review with the Supreme Court of Pennsylvania, *see Williams v. Wynder*, 232 F. App'x 177, 181 (3d Cir. 2007) (nonprecedential) (explaining that, to fully exhaust a challenge to a Parole Board decision, a Section 2254 petitioner must seek allowance of appeal with the Pennsylvania Supreme Court following an adverse decision by the Commonwealth Court).

Klein did not appeal to the Commonwealth Court or file a petition for allowance of appeal with the Pennsylvania Supreme Court. The time for doing so has long since passed, and therefore he has procedurally defaulted the instant habeas claim. Klein provides no cause or prejudice to excuse his procedural default, so his claim is unreviewable. *See Martinez*, 566 U.S. at 9.

B.   **Statute of Limitations**

Klein's claim is likewise barred by the AEDPA's statute of limitations. Under 28 U.S.C. § 2244(d)(1)(A), a petitioner generally has one year from the date on which a judgment (or agency decision, as the case may be) becomes final in which to raise a habeas claim in federal court. *See* 28 U.S.C. § 2244(d)(1)(A).[5] The one-year clock is tolled for the period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

The Parole Board issued its denial to Klein's administrative appeal in February 2018. Klein had 30 days to appeal this denial to the Commonwealth Court. *See* 42 PA. CONS. STAT. § 763(a); PA. R. APP. P. 1512(a)(1). He did not appeal, so his AEDPA statute of limitations began to run in March 2018. Klein provides no reason or explanation for why he waited over *four years* to file his Section 2254 petition, long after the one-year limitations period expired. Nor does he establish any basis for equitable tolling. Accordingly, his petition must be dismissed as barred by the AEDPA's statute of limitations.

---

[5] It is conceivable that subdivision (d)(1)(D) could apply in the instant circumstances. Section 2244(d)(1)(D) requires that a Section 2254 petition be filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Regardless of the subdivision utilized, Klein's habeas petition is well out of time.

7

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Klein's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The Court will likewise deny a certificate of appealability, as Klein has failed to make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), or that "jurists of reason would find it debatable" whether this Court's procedural ruling is correct, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  An appropriate Order follows.


                                    s/ Sylvia H. Rambo
                                    United States District Judge

Dated:  April 25, 2023